UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHAO HUI JIANG,

    Petitioner,

vs.    Case No. 2:08-cv-773-FtM-29DNF

MICHAEL B. MUKASEY, Attorney General of the United States, MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security, MICHAEL ROZOS, Filed Office Director for Detention and Removal, Miami District Office, U. S. Immigration and Customs Enforcement, STUART K. WIDDON, Glades County Sheriff, DEPARTMENT OF HOMELAND SECURITY,

    Respondents.
_____

**ORDER OF DISMISSAL**

This matter comes before the Court upon review of the *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (Doc. #1, "Petition") by Petitioner, Chao Hui Jiang ("Petitioner" or "Jiang") on October 3, 2008.[1] Respondents filed a Response to the Petition on November 17, 2008 (Doc. #7, "Response") attaching an affidavit from Jason Smith, Jiang's Detention and Removal Officer (Doc. #7-2, "Smith Aff."). Despite Petitioner being advised to file a reply to the Response within

---

[1] The Petition (Doc. #1) was filed in this Court on October 6, 2008; however, applying the mailbox rule, this Court finds that the Petition was filed on the date Petitioner certified that he mailed it to this Court (October 3, 2008). See Houston v. Lack, 487 U.S. 266, 276 (1988).

twenty (20) days after receipt thereof, Petitioner did not file a reply. See October 16, 2008 Order of Court at 3, ¶6 (Doc. #5). On January 6, 2009, the Court again directed Petitioner to file a reply to the Response within fifteen (15) days (Doc. #9). As of the date of this Order, Petitioner has failed to file a reply to the Response. See docket. This matter is ripe for review.

**I.**

Petitioner, a citizen of China, was ordered removed by the United States on January 13, 2006. Petition at 4, ¶13. Petitioner's appeal of the removal order was denied on June 13, 2006. Id. at ¶14. Petitioner entered into immigration custody on June 27, 2005. Id. at 1. Petitioner claims that he has written three letters to the Chinese consulate,[2] contacted the Chinese consulate on five separate occasions, and filled out a "request for travel documents." Id. at 5, ¶16 (a-d).

Jiang does not contest the validity of the order of removal. Rather, Jiang claims he is being held in violation of the Constitution or laws of the United States. In particular, Jiang argues that his continued detention violates § 241(a)(6) of the Immigration and Nationality Act, 8 U.S.C. § 1231 (a)(6), since he is unlikely to be deported in the reasonably foreseeable future, "due to the long-standing refusal of the China [sic] government to

---

[2]Petitioner attaches a copy of one letter dated October 1, 2008, but claims he "does not have copies of the other letters." Petition at 5, ¶16(a).

issue travel documents." Id. at 7, ¶23. Additionally, Jiang argues that his continued detention violates the Due Process Clause. Id. at ¶25. Jiang claims that he "is not likely to be removed in the reasonably foreseeable future." Id. at ¶28. As relief, Jiang seeks immediate release from continued confinement. Id. at 8, ¶2.

According to the Response, Petitioner is a citizen of The People's Republic of China and arrived in the United States without documentation on June 27, 2005. Response at 1. Respondents argue that Petitioner's continued detention is lawful because Jiang has refused to cooperate with the removal efforts. See generally Response. More specifically, Petitioner has repeatedly "failed to provide the mandatory application as requested by ICE and the Chinese consulate." Id. at 7. Since February 2006, Jiang has been duly warned on at least 18 separate occasions that his failure to cooperate with officials would extend the period of his detention. Smith Aff. at ¶9. On February 29, 2008, Jiang spoke with the Chinese consulate in Houston, Texas, but refused to complete the mandatory application required by the consulate. Id. at ¶11. On November 6, 2008, Petitioner finally completed the mandatory application. Id. at 14. ICE has submitted a travel document to the consulate along with Petitioner's completed application, and expects the issuance of travel documents within 3-5 months. Id. at ¶¶15-16.

**II.**

Once a final order of removal has been entered, the "Attorney General" shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). Section 1231 (a)(6) authorizes continued detention in certain cases beyond this mandatory 90 day period but only for as long is "reasonably necessary" to effectuate removal. Zadvydas v. Davis, 33 U.S. 678, 689 (2001) "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized." Id. at 699. A six month period is presumptively reasonable to effectuate removal; after which, an alien is eligible for conditional release if he can demonstrate that is "no significant likelihood of removal in the reasonable foreseeable future." Clark v. Martinez, 543 U.S. 371, 378 (2005)(quoting Zadvydas v. Davis, 33 U.S. 701). This presumptively reasonable six month period must have expired at the time of the filing of a petition. Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

As noted above, under § 1231(a)(6), the Secretary may detain inadmissible aliens beyond the 90-day removal period, but only for so long as is reasonably necessary to achieve removal. Section 1231(a)(6)'s operative language, "may be detained beyond the removal period," applies equally to all aliens that are its subject, whether or not those aliens have been admitted to the country or are deemed inadmissible to entry. Clark v. Martinez, 543 U.S. 371, 378 (2005). This period may be extended "if the

alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). In Pelich v. I.N.S., 329 F.3d 1057, 1060 (9th Cir. 2003), the Ninth Circuit Court of Appeals, in addressing the issue of a recalcitrant alien found:

> The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in Zadvydas does not exist when an alien is the cause of his own detention. Unlike the aliens in Zadvydas, Pelich has the "keys [to his freedom] in his pocket" and could likely effectuate his removal by providing the information requested by the INS.

Id. Consequently, actions taken by an alien that thwart repatriation efforts act to toll the removal period. Akinwale v. Ashcroft, 287 F.3d at 1052, n.4.; Lema v. INS, 341 F.3d 835, 856-57 (9th Cir. 2003); Rodriquez v. Gonzales, 2007 WL 1655604 *7 (N.D.Fla. June 4, 2007); Saho v. Streiff, 2008 WL 2622823 *4 (S.D. Ala. June 26, 2008); Doucoure v. Chertoff, 2007 WL 1726567 *5 (D.N.J., June 13, 2007).

### III.

Here, based upon the record before the Court, Jiang has obstructed the removal process resulting in his continued detention. In particular, Jiang has refused to cooperate with ICE's efforts to repatriate him, and in fact only recently completed the mandatory application on November 6, 2008. Smith Aff. at 3, ¶14. Thereafter, ICE completed a travel document with Jiang's completed application and anticipates travel documents from

the Chinese consulate within 3-5 months.  Id. at ¶16.  The United States and China maintain diplomatic relations, and approximately 3000 people have been removed to China in fiscal year 2006 alone. Response at 7-8 (citing DHS Yearbook of Immigration Statistics: 2006, Enforcement Data, Table 35).  Thus, Jiang cannot demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future."  Zadvydas, 535 U.S. at 701. Consequently, the Court finds Jiang's continued detention is not improper under 8 U.S.C. § 1321(a)(1)(C).

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition (Doc. #1) is **DISMISSED without prejudice**.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___3rd___ day of February, 2009.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record